## DOBBINS et v VISCHER et

Ohio Appeals, 9th Dist, Lorain Co

No 767. Decided March 20, 1936

Boyd, Brooks & Wickham, Cleveland, for defendant in error H. Kelly Devereux.

Fauver & Fauver, Elyria, and Arthur L. Paulson, Elgin, Ill., for plaintiffs in error. Robert L. Walden, Wellington, O., for defendants in error Vischer and Heminway, as Exrs., etc.

## OPINION

By STEVENS, J.

The petition of the executors sought the construction of the court upon the following points:

"1. As to whether Item Second of said will includes the household furniture only, or includes the furnishings, carpets, linoleums, rugs, and all of the other contents of the dwelling house on East Main Street known as the 'Tripp Homestead' and all other articles therein, excepting silverware and personal belongings and ornaments.

"2. As to whether the remainder of said decedent's estate referred to in Item Eighth of said last will is to be determined by the estimated value of thirty-five thousand dollars ($35,000.00) as of November 25, 1916, when said last will and testament was executed, or at its present worth, so far as the same can now be determined.

"3. That in the second paragraph under Item Ninth, said testatrix further directs said executors 'to deliver the specific articles described in a certain paper or papers hereto attached and thereby made a part of my said will, marked "Exhibit A," to the several persons whose names appear therein, and as therein directed * * *.' Said plaintiffs represent to the court that no paper or papers marked 'Exhibit A' or otherwise were attached to said will and found with said will after the death of said testatrix, but that there were found among the papers of said testatrix, unattached to said will, several sheets of paper, eight

in number, in the handwriting of said testatrix, containing a list of certain of the personal assets of said estate, and of certain persons; that said paper writing bore only the date of January, 1917, a copy of which is hereto attached, and was not admitted to probate as a part of the last will and testament of said testatrix by the Probate Court of said county of Lorain. These plaintiffs are in doubt as to their rights and obligations with reference to said paper writing, and ask the directions of this court concerning the same."

The trial court found, in answer to question 1, that under Item Second of the will the testatrix "by the use of the words 'household furniture' intended the more comprehensive meaning and meant by that clause of her will to bequeath not only the furniture contained in the house, but all furnishings as well, excepting therefrom the silverware, personal belongings, ornaments and other articles of which she had otherwise disposed. * * * that the various articles mentioned in the papers referred to in the pleadings as exhibit 'A' shall pass to and be distributed by the executors according to the laws of descent and distribution and not under the terms of the will."

In determining what was meant by the testatrix when she used the words "the household furniture therein, not to include, however, my silverware or my personal belongings and ornaments or any article which I may have in any manner directed be otherwise disposed of," it is entirely proper for the court to exclude from comprehension within said phrase those items contained in "Exhibit A," as being items of which the testatrix had in another manner than by will directed disposition.

It would seem apparent, therefore, that said phrase may be properly said to include all of the items of household furnishings contained in said Tripp homestead, except the silverware, personal belongings and ornaments of testatrix, and those items mentioned in "Exhibit A," concerning which items testatrix had directed other disposition dehors the will.

It is our thought, however, that the law abhorring intestacy, the said items included in Exhibit A not having been expressly disposed of by the will, should not pass as intestate property, but should be held to pass under the residuary clauses, 5 and 8 of said will, in so far as the items mentioned in said exhibit are susceptible of identification, as having belonged individually to testatrix, or to the estate of her deceased husband.

With reference to Item Tenth of the will perhaps a simple illustration may serve to clarify its meaning.

I die having in my possession on my farm at that time, 100 sheep. Under the terms of my will I leave "all of my sheep to my brother John." At the time of my death, but 50 of the 100 sheep then on my farm belong to me. By a later provision of my will I clarify the bequest "all of my sheep to my brother John" by stating that I own only 50 of the sheep then on the farm, and the balance belong to another.

Could it be successfully contended that under the bequest to John, a claim could be properly asserted to all of the 100 sheep on the farm at the time of my decease, or would the later provision of the will showing my ownership to be limited to 50 sheep control?

It must be conceded that the latter provision showing that my sheep were mixed with those of another, and that only 50 of the sheep belonged to me, would limit the bequest to John.

How is the present case different? Under Item Tenth of this will, the decedent states in effect that the property of her deceased husband and of herself are mixed together in such a way that identification and separation will be difficult, if not impossible. To clarify that situation, she says to her executors that $35,000 of that property belonged to her individually, and the balance thereof, if any, belonged to the estate of her husband.

We are of the opinion that Item Tenth of the will is simply definitive of the amount of the commingled property which belonged to the testatrix individually, and that under that provision the $35,000 constituted the corpus of the estate of which testatrix was desirous of making disposition to her blood relatives.

We are further agreed that Items Sixth and Seventh of said will constitute a charge upon the individual estate of said testatrix, to be paid out of the $35,000 amount, and the balance of $34,000 remaining after the payment of Items Sixth and Seventh, augmented by the individual personal property included in Exhibit A, and identified as belonging individually to testatrix, make up the residuum of which disposition is made under Item Eight of the will.

The judgment of the Court of Common Pleas will be modified to conform to the

views herein expressed, and as modified will be affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.